UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | *<br>*<br>*<br>* |
| This Document Relates To:<br>*Cases Listed on Exhibit A* | *<br>*<br>*<br>* |

MDL No. 1:17-md-2768-IT

## MEMORANDUM AND ORDER

August 3, 2020

TALWANI, D.J.

Pending before the court are various motions relating to the failure by individual Plaintiffs in this MDL to comply with their discovery obligations. As set forth below, the most egregious failures here are being sanctioned with dismissals of individual cases and possible attorney sanctions. The court is permitting other failures to be remedied, but does not anticipate ongoing leniency with missed deadlines or failures to respond to court orders.

I. Plaintiffs' Discovery Obligations

On August 8, 2017, the court issued Case Management Order No. 1 ("CMO #1") [#216].[1] Pursuant to ¶ 5.c.i of CMO #1, each Plaintiff is required to complete and serve the Case Questionnaire ("CQ"), a copy of which is attached as Exhibit A to CMO #1 [#216]. The CQ was originally due for each Plaintiff within the later of thirty days of entry of CMO #1, the direct filing of a case in the MDL, or the transfer of a complaint to the MDL. CMO #1 ¶ 5.c.i. On November 13, 2017, the court issued the Fact Sheet Implementation Order [#479]. Pursuant to that order, each Plaintiff is required to complete, verify, and serve the Plaintiff Fact Sheet ("PFS") attached as

---

[1] Unless otherwise specified, all document citations are to the master docket, 17-md-2768-IT.

Exhibit A to the Fact Sheet Implementation Order [#479-1]. Paragraph II.1 of the Fact Sheet Implementation Order [#479] specifically provided that responses "shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and as responses to requests for production pursuant to Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37." The PFS was originally due for each Plaintiff within the later of sixty days of entry of the Fact Sheet Implementation Order [#479], the direct filing of a case in the MDL, or the transfer of a complaint to MDL.

On November 2, 2018, the court was informed that Defendant, together with members of the Plaintiffs' Executive Committee appointed by this court, had reached a confidential settlement agreement to resolve the claims of certain eligible patients who had surgery to replace their LFIT CoCr V40 femoral head ("LFIT V40") along with related hip system components. To ensure effective and timely notice to eligible Plaintiffs and to allow time to effectuate the settlement, the court entered an Order Aiding Private Settlement [#889] that, inter alia, stayed discovery in the case until July 31, 2019.

On November 5, 2019, the court issued Case Management Order No. 6 ("CMO #6") [#1030] which, in paragraph 1, reimposed the general discovery stay except as to certain information needed from individual plaintiffs. As to that necessary information, the court reiterated the CQ requirements and ordered further that:

> For each case that has not otherwise been resolved or dismissed from this docket as of the date of this Order, Plaintiff's counsel of record *shall execute a Case Questionnaire Certification attached hereto as Exhibit 1,* and shall serve the Case Questionnaire Certification *along with Plaintiff's completed Case Questionnaire (including required documentation)* via Plaintiffs' Co-Lead Counsel's secure document repository (https://www.hocv40.com) **within thirty (30) days** of this Order, or within thirty (30) days of the direct filing of a case in, or the transfer of a complaint to, this MDL (whichever is later). Plaintiffs' Co-Lead Counsel shall then promptly coordinate service on Defendant.

CMO #6 ¶ 2 [#1030] (emphasis in original). The Case Questionnaire Certification requires counsel of record to certify as follows:

> After diligent and reasonable inquiry by me, I . . . represent, declare and certify that to the best of my knowledge, information and belief, all of the information provided in this Case Questionnaire is true, correct and complete. I further acknowledge my ongoing duty to supplement this Case Questionnaire in accordance with the court's prior orders to provide complete, correct, and/or additional information within 30 days of becoming aware of such information.

CMO #6, Exh. 1 [#1030-1].

CMO #6 similarly reiterated the prior requirements for the PFS, and ordered further that:

> For each case that has not otherwise been resolved or dismissed from this docket as of the date of this Order, Plaintiff's counsel of record *shall execute a PFS Certification attached hereto as Exhibit 2*, and shall serve the PFS Certification along with Plaintiff's completed PFS (including required documentation, in the form previously approved in the Fact Sheet Implementation Order) **within forty-five (45) days** of this Order, or within forty-five (45) days of the direct filing of a case in, or the transfer of a complaint to, this MDL (whichever is later).

CMO #6 ¶ 3 [#1030]. The PFS Certification requires counsel of record to certify as follows:

> After diligent and reasonable inquiry by me, I . . . represent, declare and certify that to the best of my knowledge, information and belief, all of the information provided in this Plaintiff Fact Sheet is true, correct and complete. I further acknowledge my ongoing duty to supplement this Plaintiff Fact Sheet in accordance with the court's prior orders to provide complete, correct, and/or additional information within 30 days of becoming aware of such information.

CMO #6, Exh. 2 [#1030-2].

CMO #6 also set forth potential consequences for failing to comply with these requirements:

> In the event that a Plaintiff does not provide a fully completed Case Questionnaire or PFS, or counsel fails to provide a signed Case Questionnaire Certification or signed PFS Certification by the above noted deadlines, and the deficiency is not cured within fifteen (15) days of notice of the deficiency by Defendant, Plaintiff's action may be dismissed pursuant to Fed. R. Civ. P. 41 for failure to prosecute. The court notes that failure to serve a fully completed Case Questionnaire accompanied by a signed Case Questionnaire Certification or failure to serve a fully completed PFS accompanied by a signed PFS Certification shall be deemed a failure to timely serve for purposes of this provision.

CMO #6 ¶ 4 [#1030] (emphasis added).

Finally, CMO # 6 reiterated counsel's "ongoing obligations" as follows:

> With regard to each complaint pending in this MDL, or filed or transferred to this MDL in the future, and each certification required by this Order, the court reminds Plaintiff's counsel of record of the ongoing "reasonable inquiry" obligations set forth in Fed. R. Civ. P. 11(b) and the duties to disclose or supplement under Fed. R. Civ. P. 26(e)(1). If the court determines that either of these rules has been violated, the court may impose an appropriate sanction under Fed. R. Civ. P. 11 or Fed. R. Civ. P. 37 on any attorney or law firm that violated the rule or is responsible for the violations.

CMO #6 ¶ 6 [#1030].

## II. Defendant's First Motion to Dismiss

### A. Defendant's Moving Papers and the Court's Order to Show Cause

Defendant's first motion to dismiss, filed January 9, 2020, contends that Plaintiffs Karen Ahoe, Melinda Back, Howard Carter, Emma Cassidy, Anthony Franco, Arvel Gentry, Catherine Haines, Neil Hannaford, William Lee, Arneitha Liggions, Richard Lowell, Ed Miller, Beverly Moore, Gary Mowdy, Doreen Neptune, Marie Pennings, Willie Riddick, Marty Robertson, Deacon Strong, James Trimnal, Kim Volkmar, Daniel Warner, Eula Widener, and Myrtice Williams ("Group I Plaintiffs") failed to submit a CQ and counsel's CQ certificate by the December 5, 2019 due date, that Defendant provided notice of the deficiency by letter sent by email and U.S. Mail to their counsel of record, Nicholas R. Farnolo, of Napoli Shkolnik, PLLC, and that the Group I Plaintiffs still failed to submit a CQ and counsel's CQ certificate. Mot. Req. Dismissal for Failure to Comply with CMO #6 [1081].[2] Defendant contends further that these Plaintiffs failed to submit a

---

[2] A copy of the motion was filed on the docket of each of these Plaintiffs' individual cases. Copies of letters dated December 10, 2019, as to each of the listed Plaintiffs (except Beverly Moore) are attached to Defendant's motion as Exhibit B [#1081-2]. The absence of a December 10, 2019 letter to Ms. Moore may be a filing error, as Defendant did submit two copies of the December 23, 2020 letter to Ms. Moore discussed below. See Exh. B at 26 [#1081-2] and Exh. C at 26 [#1081-3]. In any event, Plaintiff Moore's counsel has not disputed that he received a deficiency letter concerning the missing CQ and CQ certificate for Ms. Moore.

PFS and counsel's PFS certificate by the December 20, 2019 due date, that Defendant provided notice of the deficiency by letter sent by email and U.S. Mail dated December 23, 2019, to Attorney Farnolo, and that the deadline for responding had passed and these Plaintiffs still failed to submit a PFS and counsel's PFS certificate. Id. Defendant argues that based on these failures, dismissal of each of the Plaintiffs' matters is appropriate. Id.

On January 16, 2020, the court issued an Order to Show Cause [#1089] directing each of the Group I Plaintiffs to show cause, no later than January 30, 2020, why his or her case should not be dismissed for failure to serve the documents as required under CMO #6.[3] The court warned these Plaintiffs that the court "anticipates dismissing the [listed] cases . . . in the absence of a timely showing of cause for the asserted failure to serve documents as required under CMO #6." Id.

      B. The Group I Plaintiffs' Response

On January 30, 2020, Attorney Farnolo filed a Response [#1107] for the Group I Plaintiffs. The Response [#1107] acknowledges that individual motions were filed as to each Plaintiff, but asserts that "each plaintiff's response is functionally identical." Id. at 2, n.1.[4] The Response [#1107] does not dispute that these Plaintiffs failed to serve the CQ, CQ certificate, PFS, and PFS certificate when required, that Defendant served the required deficiency letters, and that these Plaintiffs failed to respond to the deficiency letters.

The Response [#1107] contends that when Defendant filed its motion in January, Plaintiffs were working on completing the CQ and PFS, and that on January 29, 2020, Attorney Farnolo

---

[3] A copy of the motion was filed on the docket of each of these Plaintiffs' individual cases.

[4] The only plaintiff for whom a separate argument was raised was Myrtice Williams, who had recently passed away. Id. The court has entered a separate order dismissing Myrtice Williams' case as no motion to substitute was filed within 90 days as required by Federal Rule of Civil Procedure 25(a). See Order of Dismissal [#1221], (18-cv-12484) [#22].

served "certified Plaintiff's Fact Sheets and Case Questionnaires." Id. at 2 [#1107]. The Response [#1107] contends further that "these Plaintiffs' discovery obligations have . . . been met" and that dismissal is too severe a sanction as the Defendant is "now in receipt of the materials [it] claimed were lacking" and the filed matters "arguably have merit." Id. At the same time, the Response [#1107] offers no assurance that the material submitted was substantially complete, contending instead that "to the extent the Defendant may believe that any of the fact sheets are not materially complete, the PFS should be handled through a deficiency process of CMO No. 6." Id. at 3 n.2.

### C.  Defendant's Reply and Plaintiff's Motion to File a Surreply

In reply, Defendant details various deficiencies with the material submitted by the Group I Plaintiffs. Defendant's Response [#1129]. These deficiencies are discussed further below. In response, the Group I Plaintiffs filed a Request for Leave to File Response to Defendants' Reply to Plaintiffs' January 30, 2020 Submission [#1130] asserting that "several of the assertions made there are disputable, and the arguments that HOC initially raised for dismissal have changed drastically." Id. at 1-2.

Because the vague statement that "several of the assertions . . . are disputable" does not support further briefing, the court DENIES the Request [#1130]. The objection that Defendant's arguments "have changed drastically" is frivolous, where the Group I Plaintiffs are the ones who have sought to rebut the motion to dismiss based on responses provided to Defendant long after they were due, and well after Defendant filed its motion to dismiss.

### D.  Discussion

Under Fed. R. Civ. P. 37(b) and (d), a party's failure to obey a court's discovery order or failure to serve answers to interrogatories or to respond to a request for production of documents may be sanctioned. Potential sanctions include dismissal of the action and payment by the party

and/or the attorney advising the party of Defendant's reasonable expenses, including attorney's fees, caused by the failure.

At issue here is compliance with a court order, CMO #6, which directed Plaintiffs to provide answers and responses to the CQ and PFS, discovery documents seeking information similar to what is commonly sought in interrogatories and requests for production.

Defendant's motion established that the Group I Plaintiffs failed to submit a CQ and counsel's CQ certificate when due, failed to submit a PFS and counsel's PFS certificate when due, and failed to cure the deficiency by the deadline imposed under CMO #6. The Group I Plaintiffs' Response [#1107] to the court's Order to Show Cause [#1089] for this failure to comply with CMO #6 offered no explanation at all for the failure. Accordingly, sanctions are appropriate.

The Group I Plaintiffs contended in their January 30 Response that they had complied at that point, and that dismissal is too severe a sanction. Response 2-3 [#1107]. Although a completed late filing would not excuse the failure to comply with the court's order, it would at least show good faith and a potentially meritorious claim.

However, according to Defendant, none of the Group I Plaintiffs had submitted the required medical records at the time of Defendant's Response. Defendant's Response 7 [#1129]. Only two of the Plaintiffs – Melinda Back and Emma Cassidy – had submitted their plaintiff's verification and medical authorizations, and they did not do so until February 10, 2020. Id. at 13. The late-submitted Plaintiff Fact Sheets for six Plaintiffs – Karen Ahoe, Beverly Moore, Marie Pennings, Willie Riddick, Marty Robertson and Kim Volkmar – included no product identification. Id. And most egregiously, the late-submitted Plaintiff Fact Sheets for nine Plaintiffs – Howard Carter, Emma Cassidy, Arvel Gentry, William Lee, Arneitha Liggions, Ed Miller, Gary Mowdy, Deacon Strong, and James Trimnal – asserted an injury caused by a non-LFIT V40 product. Id.

The court finds the Group I Plaintiffs and/or their counsel have violated their discovery obligations and this court's orders. The court nonetheless allows Melinda Back's claim to proceed (assuming that she has now submitted the required medical records), on the ground that she has now personally verified the claim, which concerns an LFIT V40 Product, and has signed the required medical authorizations, see Defendant's Response 13 [#1129], and because, based on the record before the court, it appears that counsel, rather than Plaintiff Back, may be primarily responsible for the failure to comply with court orders. However, Defendant may renew its motion to dismiss Melinda Back's complaint if she has not yet submitted the required medical records.

The court dismisses the claims of the remaining Group I Plaintiffs. The court notes that Howard Carter, Emma Cassidy, Arvel Gentry, William Lee, Arneitha Liggions, Ed Miller, Gary Mowdy, Deacon Strong, and James Trimnal have disclosed that the product allegedly involved in their injury was a non-LFIT V40 product, see id., and have therefore made no showing of any arguable merit to their claims. Accordingly, the dismissal of their actions as a discovery sanction should cause them no harm. The court warns Attorney Farnolo, however, that it appears that these actions were filed or pursued in violation of Fed. R. Civ. P. 11, and that further such conduct in this court will likely result in sanctions.

With regard to the remaining Group I Plaintiffs, the court recognizes that these Plaintiffs may well have meritorious claims. Nonetheless, dismissal is appropriate as no cause has been shown for their failure to comply with CMO #6, Plaintiffs have failed to provide any sufficient ground to allow these actions to continue, and Plaintiffs' purported compliance with their obligations as of the January 30, 2020, show cause date amounts to a flagrant disregard of the court's orders and Plaintiffs' discovery obligations.

For the above reasons, Defendant's Motion Requesting Dismissal for Failure to Comply with CMO #6 [#1081] is GRANTED as to Karen Ahoe, Howard Carter, Emma Cassidy, Anthony Franco, Arvel Gentry, Catherine Haines, Neil Hannaford, William Lee, Arneitha Liggions, Richard Lowell, Ed Miller, Beverly Moore, Gary Mowdy, Doreen Neptune, Marie Pennings, Willie Riddick, Marty Robertson, Deacon Strong, James Trimnal, Kim Volkmar, Daniel Warner, and Eula Widener, and DENIED without prejudice as to Melinda Back. Defendant may seek reasonable fees, including attorney's fees, caused by these discovery failures.

### III. Defendant's Second Motion to Dismiss

#### A. Defendant's Moving Papers and the Court's Order to Show Cause

Defendant's second motion to dismiss, filed January 21, 2020, contends that Plaintiffs James Holub, Laura Rea, Zoanna Sides, Calvin Murano, Rodney Villegas, Edward Fremeau, Jr., Howard Connolly, Mary Fitzmaurice, Troy Plunk, David Prawdzik, Vicki Smith, Gregory Williams, Jimmy Cathey, DeOnna Jordan, Andrew Mangini, Kathleen Mayberry, Gertrude Goyette, and Cynthia Moore ("Group II Plaintiffs") failed to submit a PFS and counsel's PFS certificate by the December 20, 2019 due date, that Defendant provided notice of the deficiency by letter sent by email and U.S. Mail to each Plaintiff's counsel of record and that these Plaintiffs still failed to submit a PFS and counsel's PFS certificate. Mot. Req. Dismissal for Failure to Comply with CMO #6 [#1092].[5]

On January 27, 2020, the court issued an Order to Show Cause [#1099] directing each of the Group II Plaintiffs to show cause, no later than February 10, 2020, why his or her case should not be dismissed for failure to serve the documents as required under CMO #6.[6] The court warned these

---

[5] A copy of the motion was also filed on the docket of each of these Plaintiffs' individual cases. Copies of letters dated December 23, 2020, as to each of the listed Plaintiffs are attached to Defendant's motion as Exhibit B [#1092-2].

[6] A copy of the motion was filed on the docket of each of these Plaintiffs' individual cases.

9

Plaintiffs that the court "anticipates dismissing the [listed] cases . . . in the absence of a timely showing of cause for the asserted failure to serve documents as required under CMO #6." Id.[7]

### B. Plaintiff Kathleen Mayberry's Response

Plaintiff Mayberry, who is also represented by Attorney Farnolo, filed a response similar to that filed by the Group I Plaintiffs, offering no excuse for the failure to comply with CMO #6, but assuring the court that she has now met her discovery obligations. Response 2 [#1123]. At the same time, the Response [#1123] offers no assurance that the material submitted was substantially complete, contending instead that "to the extent the Defendant may believe that this fact sheet[] is deficient, the PFS should be handled through a deficiency process of CMO No. 6." Id. at 2 n.1.

Defendant has not sought to reply to these assertions. Accordingly, the court treats Plaintiff Mayberry's claims in a similar manner as Melinda Back's claim, namely, allowing Defendant to seek reasonable fees, including attorney's fees, caused by Mayberry's failure to timely comply with CMO #6, and otherwise denying without prejudice the motion to dismiss as to Plaintiff Mayberry, based on the representation that the material has now been submitted, and because, based on the record before the court, it appears that counsel, rather than Plaintiff Mayberry, may be primarily responsible for the failure to comply with court orders. However, Defendant may renew its motion

---

[7] The court subsequently entered a separate order dismissing Troy Plunk's complaint after counsel notified the court that his client had passed away but failed to file a timely motion to substitute the proper party for the deceased plaintiff as required by Fed. R. Civ. P. 25(a). See Order of Dismissal [#1223], (19-cv-11163) [#20]. Stipulations of dismissal were filed for Plaintiffs Sides, [#1100], (19-cv-11942) [#12], Goyette, [#1105], (19-cv-11415) [#13], Prawdzik, [#1108], (19-cv-11645) [#13], Cathey, [#1112], (18-cv-11647) [#18], Jordan, [#1113], (18-cv-11646) [#18], Mangini, [#1114], (19-cv-11846) [#12], and Holub, [#1212], (18-cv-12381) [#18]. The court also entered a separate order dismissing Howard Connolly's complaint for failure to respond to the court's Order to Show Cause [#1099], see Order of Dismissal [#1222], discussed further below in connection with Plaintiff Connolly's Motion for Reconsideration [#1225].

to dismiss Plaintiff Mayberry's complaint if she has not materially completed all PFS obligations at this time.

        C. <u>Plaintiffs Laura Rea, Calvin Murano, Rodney Villegas, Edward Fremeau, Jr., Mary Fitzmaurice, Vicki Smith, Gregory Williams, and Cynthia Moore's Responses</u>

Plaintiffs Rea, Murano, Villegas, Fremeau, Jr., Fitzmaurice, Smith, Williams, and Moore filed responses that, unlike those submitted by the Group I Plaintiffs, all offered some explanation for their failure to meet their discovery deadlines, and all but Fremeau have assured the court that they had not only submitted the required materials but that those materials were complete or substantially complete. See Plaintiff Rea's Response ¶ 4 (19-cv-10384) [#14] ("Plaintiff served a substantially complete Plaintiff Fact Sheet upon Defendants on February 11, 2020");[8] Plaintiff Murano's Response ¶ 3 [#1111] ("January 22, 2020, Defendant was served with Plaintiff's completed PFS with authorizations and exhibits"); Plaintiff Villegas's Response ¶¶ 3, 6 (18-cv-10840) [#36] ("On August 23, 2018 counsel emailed a copy of the plaintiff's fact sheet and case questionnaire to defense counsel. Thus, counsel mistakenly believed that he had served a completed PFS on Defense counsel…On October 15, 2018 counsel served an[] update[d] PFS on defendants...Plaintiff's counsel subsequently cured said deficiencies and served a copy of the updated PFS to defense counsel on the Stryker MDL portal on January 22, 2020"); Plaintiff Fitzmaurice's Response ¶ 10 [#1128] ("[O]n February 10, 2020 a completed PFS was submitted for service"); Plaintiff Smith's Response ¶ 10 [#1125] ("On January 27, 2020, a completed PFS was submitted for service on Defendants"); Plaintiff Williams's Response ¶ 10 [#1126] ("On January

---

[8] The court notes that the response to the <u>Order to Show Cause</u> [#1099] was, itself, due February 10, 2020.

30, 2020, a completed PFS was submitted for service on Defendants"); and Plaintiff Moore's Response ¶ 7 [#1117] ("On January 22, 2020…Defendant was served with Plaintiff's completed PFS with authorizations and documents"); Plaintiff Fremeau's Response 4 (18-cv-11727) [#23] ("Thereafter, counsel for Plaintiffs finally received a response from Mr. and Ms. Fremeau, and the response from Mr. and Ms. Fremeau enabled counsel to serve the PFS on Defendant on January 29, 2020").

Defendant has not identified to the court any deficiency in the submitted documentation. Thus, although Plaintiffs and/or their counsel have violated their discovery obligations and this court's orders, and these late filings do not excuse those violations, they do show at least an attempt to comply with the court's orders and that Plaintiffs potentially may have meritorious claims. Accordingly, the court DENIES Defendant's Motion to Dismiss [#1092] Plaintiffs Rea, Murano, Villegas, Fremeau, Jr., Fitzmaurice, Smith, Williams, and Moore's claims without prejudice. The court cautions that it does not anticipate further leniency regarding deadlines and discovery obligations going forward and directs counsel to address and remedy all issues identified as having caused the delay here.

Defendant may renew its motion to dismiss these Plaintiffs' complaints if these Plaintiffs have not materially completed their PFS obligations at this time.

IV.     Plaintiffs Howard and Barbara Connolly's Motion to Reconsider

Plaintiff Howard Connolly neither opposed Defendant's Motion to Dismiss [#1081] nor filed a response to the court's Order to Show Cause [#1099], and accordingly, the court dismissed his complaint. See Order of Dismissal [#1222]. Plaintiffs Howard and Barbara Connolly subsequently filed a Motion to Reconsider [#1225], which Defendant has opposed. Opposition [#1242].

The motion for reconsideration offers no cause or explanation for Plaintiff Connolly's failure to serve the PFS, PFS certificate, and required documentation when due on December 20, 2019, failure to respond to the deficiency letter sent December 23, 2019, failure to respond to Defendant's Motion to Dismiss [#1081], or failure to file a response to the court's Order to Show Cause [#1099]. Plaintiff also includes no certification as required under Local Rule 7.1. The motion for reconsideration does offer evidence of a potentially meritorious claim, and claims that Plaintiff forwarded a "fully completed Fact sheet, signed authorizations, and, again, all medical records previously provided in Plaintiff's Case Questionnaire to Defendants on January 27, 2020." Mot. to Recons. ¶¶ 9-10 [#1225]. However, Defendant has detailed the continuing and extensive deficiencies, where Plaintiff did not respond directly to numerous material questions and instead has directed Defendant to medical records provided with the Case Questionnaire. See Opposition, Exh. A [#1242-1].[9] On this record, the court finds no ground for reconsideration.

V.    Conclusion

For the foregoing reasons,

1.    Plaintiffs Karen Ahoe, Melinda Back, Howard Carter, Emma Cassidy, Anthony Franco, Arvel Gentry, Catherine Haines, Neil Hannaford, William Lee, Arneitha Liggions, Richard Lowell, Ed Miller, Beverly Moore, Gary Mowdy, Doreen Neptune, Marie Pennings, Willie Riddick, Marty Robertson, Deacon Strong, James Trimnal, Kim Volkmar, Daniel Warner, and Eula Widener's Request for Leave to File Response to Defendants' Reply to Plaintiffs' January 30, 2020 Submission [#1130] is DENIED;

---

[9] Defendant has summarized the PFS deficiencies, rather than attached the PFS itself, "because it contains sensitive Personal Identifying Information," but has offered the document for *in camera* review. Opposition 12 n.6 [#1242]. If Plaintiff Connolly contends that Defendant's summary is inaccurate, he shall so advise Defendant's counsel, who may then submit the PFS for *in camera* review.

2. Defendant's Motion Requesting Dismissal for Failure to Comply with CMO #6 [#1081] is GRANTED as to Plaintiffs Karen Ahoe, Howard Carter, Emma Cassidy, Anthony Franco, Arvel Gentry, Catherine Haines, Neil Hannaford, William Lee, Arneitha Liggions, Richard Lowell, Ed Miller, Beverly Moore, Gary Mowdy, Doreen Neptune, Marie Pennings, Willie Riddick, Marty Robertson, Deacon Strong, James Trimnal, Kim Volkmar, Daniel Warner, and Eula Widener, and DENIED without prejudice as to Melinda Back;

3. Defendant's Motion Requesting Dismissal for Failure to Comply with CMO #6 [#1092] is DENIED without prejudice as to Plaintiffs Kathleen Mayberry, Laura Rea, Calvin Murano, Rodney Villegas, Edward Fremeau, Jr., Mary Fitzmaurice, Vicki Smith, Gregory Williams, and Cynthia Moore;

4. and Plaintiffs Howard and Barbara Connolly's Motion to Reconsider Court's Ruling of July 6, 2020 [#1225] is DENIED.

IT IS SO ORDERED.

Date: August 3, 2020                                             /s/ Indira Talwani
                                                                 United States District Judge